**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HAKAN ADIYAMAN,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, *et al.*,

Respondents.

Case No. 5:26-cv-05325-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

Petitioner Hakan Adiyaman filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on September 9, 2026. (Dkt. 1.) For the reasons that follow, the Petition is granted.

## II. FACUTAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Turkiye, who entered the United States near Tecate, California, on or about June 4, 2024. (Dkt. 1 at 12.) Following Petitioner's entry, the Department of Homeland Security ("DHS") detained Petitioner and released him under the Intensive Supervision Appearance Program Alternatives to Detention program. (Dkt. 10-1 at 2.) Petitioner missed many Biometric Check-Ins for unknown reasons. (*See id*. at 3.) Petitioner resided in the United States until his arrest on or about

August 1, 2026. (Dkt. 1 at 2.) Petitioner is currently confined at the Adelanto ICE Processing Center. (*Id*. at 1.)

On September 9, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings three claims for relief. (*Id*. at 6.) Claim One alleges that Petitioner's detention is in violation of the procedural due process requirements of the Fifth Amendment of the Constitution. (*Id*.) Claim Two alleges Petitioner's re-detention violates the substantive due process requirements of the Fifth Amendment of the Constitution. (*Id*.) Claim Three alleges Immigration and Customs Enforcement ("ICE") had no valid reason to revoke his parole and re-detain him and his detention is not in the public interest and ICE acted arbitrarily and capriciously when they re-detained him in violation of the Administrative Procedure Act ("APA"). (*Id*.) As relief, Petitioner requests, among other things, his immediate release from detention. (*Id*. at 7.)

On September 21, 2026, the Court issued a text only entry. (Dkt. 9.) The Court noted that Respondents had not filed an answer. (*Id*.) The Court gave Respondents until 4:00 p.m. on the same day to email the Court and notify the Court of their intent to file an answer. (*Id*.) If Respondents elected not to appear in this matter, the Court requested that Respondents file the Form I-213 for Petitioner no later than 4:00 p.m. on September 22, 2026. (*Id*.) On September 22, 2026, Respondents filed Petitioner's Form I-213. (Dkt. 10.) According to the I-213, Petitioner has no criminal history. (Dkt. 10-1 at 3.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the

legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 7.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL

4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California plainly states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' failure to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to Petitioner's re-detention.

**V.**

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Hakan Adiyaman (A# 226-085-857) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 23, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge